# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

CIVIL NO. 10-4315 (SRN/AJB)

CYNTHIA BROWN,

    PLAINTIFF,

V.

SUE DOSAL, MARK THOMPSON, LEAH WERMERSKIRCHEN,

    DEFENDANTS.

**ORDER OPINION
AND
REPORT & RECOMMENDATION**

---

Cynthia Brown, pro se Plaintiff, P.O. Box 23496, Savannah, GA 31403.

John S. Garry, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 445 Minnesota Street, Suite 1100, St Paul, MN 55101-2128, for Defendants.

## I. INTRODUCTION

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Defendants' Motion to Dismiss [Docket No. 17]. All actions in this matter have been referred to the magistrate judge. [Docket No. 16.] A hearing was held on the motion on March 8, 2011. There was no appearance by or on behalf of Plaintiff. John S. Gary appeared on behalf of Defendants. Following the hearing, Plaintiff sent Motion for Reschedule of Court Appearance [Docket No. 29] to chambers and chambers staff filed said motion. Since Defendants filed their motion on December 9, 2010, this Court has received three documents—Exhibits A, B, and C—which are attached.

1

Based upon the record, **IT IS HEREBY ORDERED** that Plaintiff's request embodied in attached Exhibit A is **DENIED** and Plaintiff's Motion for Reschedule of Court Appearance [Docket No. 29] is **DENIED**; **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [Docket No. 17] be **GRANTED** and the requests embodied in attached Exhibits B and C be **DENIED**.

## II. BACKGROUND

On October 21, 2010, Plaintiff Cynthia Brown filed her Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. [Docket No. 1.] Plaintiff's Complaint arises out of her contention that the administration of the jury selection process in Hennepin County, Minnesota violates the Equal Protection clause. Plaintiff alleges that she is an African-American female with "dual citizen[ship]" in Minnesota and Georgia. (Compl. ¶ 2.) Plaintiff further alleges that her son, Michael Francis, was "indicted in Hennepin County District Court in the Fourth Judicial District of the state of Minnesota by a single-race all white grand jury selected by the administratively appointed jury supervisor." (*Id.* at ¶ 5.) Plaintiff alleges that the manner in which grand juries are selected in Hennepin County can be "rig[ged]" and "distinctive groups" can be granted "special favor or disfavor."[1] (*Id.* at ¶ 40.) Thus, Plaintiff contends that the grand jury selection process in Hennepin County, Minnesota violates the Equal Protection clause of the Fourteenth Amendment because it permits those in charge of the jury selection process to exclude individuals from the grand jury based upon their race, which is what happened in the case of Plaintiff's son.

Plaintiff also alleges as follows:

> 80. Plaintiff maintained residence in the twin cities [sic] of Minneapolis & St. Paul, the counties of Hennepin & Ramsey, for 17 years and only temporarily relocated to

---

[1] Thus, Plaintiff seems to contend that the composition of a Hennepin County grand jury can be manipulated to over-represent or underrepresent certain demographics.

> Savannah, Georgia, on August 31, 2010, to assist and attend to my husband . . . who has terminal lung cancer.
>
> . . . .
>
> 82. Prior to December 29, 2009, plaintiff had never been convicted of a felony.
>
> 83. On December 29, 2009, plaintiff was convicted of a felony for smuggling contraband through the mail into a state institution (MCF – Stillwater) and received 3 years of probation with the condition that thereafter the felony would be reduced to a misdemeanor.

(*Id.* at ¶¶ 80-83.)

On December 9, 2010, Defendants moved to dismiss for lack of jurisdiction, arguing that Plaintiff lacks standing to challenge the Hennepin County jury system because she is ineligible to serve as a juror in Minnesota state court and because she cannot assert the rights of others. [Docket No. 17.] Defendants filed a certificate of service in connection with the motion, wherein Defendants' counsel certified that, on December 9, 2010, he electronically filed Defendants' Motion Dismiss and Notice of Hearing on Defendants' Motion to Dismiss with the Clerk of Court and mailed the foregoing documents and Notice of Electronic Filing to Plaintiff's Savannah, Georgia address. [Docket No. 19.] The Notice of Hearing on Defendants' Motion to Dismiss states: "Defendants' motion to dismiss will be heard on March 8, 2011, before the Honorable Arthur J. Boylan, in Courtroom 3C at the United States District Court, 316 North Robert Street, St. Paul, Minnesota, at 9:00 a.m." [Docket No. 18.] On January 18, 2011, this Court provided notice to the parties, as follows: "The Motion to Dismiss scheduled for March 8, 2011 at 9:00 a.m. has been moved to the Minneapolis Courthouse. The Motion to Dismiss will be held in Courtroom 9E, 300 South Fourth Street, Minneapolis, MN 55415." [Docket No. 26.]

This notice was mailed to Plaintiff on January 19, 2011. Plaintiff did not file any response to Defendants' motion.

On March 7, 2011, this Court's calendar clerk, Kathy Thobe, called Plaintiff on the telephone and spoke with her. During the conversation, Plaintiff said that she received the mailed notice and she knew that the hearing was moved to the Minneapolis Courthouse. The calendar clerk concluded that conversation by saying, "Okay, then we'll see you in the Minneapolis Courthouse in Courtroom 9E before Judge Boylan."

On the day of the hearing, March 8, 2011, John S. Gary appeared on behalf of Defendants. There was no appearance by or on behalf of Plaintiff at 9:00 a.m. This Court waited to take the bench until 9:20 a.m. Defendants' motion was taken under advisement and the hearing concluded at 9:35 a.m. Plaintiff did not appear during the course of the hearing. Mr. Gary reported that he had not heard from Plaintiff except for the fact that she mailed him a "Complaint" with his name listed as a defendant.

On March 8, 2011, at approximately 10:40 a.m., this Court's law clerk received a telephone call from a female caller who identified herself as Cynthia Brown. She reported that she was waiting outside the courtroom and that she was late because she mistakenly went to the Hennepin County Government Center and Minneapolis City Hall instead of the federal courthouse in Minneapolis. Plaintiff wanted her hearing to go forward and this request was denied.

On March 10, 2011, this Court received a letter from Cynthia Brown, which was sent directly to chambers. The letter was filed by chambers staff. [Docket No. 29.] The letter is titled "Motion for Reschedule of Court Appearance." The case caption on the letter lists the plaintiff as

4

"Cynthia Francis" and the civil case number is listed as 10cv04315-SRN-AJB. The letter states as follows:

> If my case was dismissed because you think I was a no-show [sic] I ask this court to reconsider your decision.
>
> .... Instead of being in your courtroom at 9:00 a.m. I was sitting in the wrong courtroom at the Government Center in courtroom 9E. I was sitting there waiting for my name to be called until 9:45 a.m. I then got the court's attention and asked if I was in the right courtroom. I was told by the Judge's clerk that I needed to go down through the tunnel to the City Hall building and I went to City Hall to the elevator that only went to the third floor. . . . After not seeing courtroom 9E I stoped [sic] a female walking down the hallway and asked for directions she informed me that I need to go across the street to the Minneapolis Courthouse. Eve[n] though I received a telephone call[] from Kathy . . . on March 7, 2011. I assured her that I would be in your court and on time. Unfortunately for me, I as[s]umed that I already knew where the right courthouse was. I have been to the Government Center many times but, I have never been to the Minneapolis Courthouse.
>
> After, I finally arrived to your courtroom . . . I could not enter the courtroom, because you were now ruling on a settlement conference case. . . . I called [chambers and] a male answer the phone and . . . he suggested that I write a letter to you explaining why I was not in your courtroom at 9:00 a.m. He also said that you waited until 9:30 a.m. for me to show.
>
> .... I want my side to be part of the record. I rode two days on the Greyhound bus to be here and still missed my opportunity to speak to you. . . .[2]
>
> Again, I ask this court to grant another date and time for my case.

[Docket No. 29.]

In addition this letter, Court has received three documents, which were sent directly to chambers and were not filed. These documents are attached and labeled as Exhibits A, B, and C.

---

[2] The letter included a document from the Georgia Department of Corrections approving Cynthia Brown to travel by Greyhound bus to Brooklyn Center, Minnesota and a copy of two "Receipt & Itinerary" documents from Greyhound Lines, Inc.

## III. DEFENDANTS' MOTION TO DISMISS

Defendants bring the present Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff lacks standing to assert her claims and therefore, Plaintiff's Complaint must be dismissed for want of jurisdiction. For the reasons set forth below, this Court recommends that Defendants' motion be granted and this matter be dismissed for want of jurisdiction.

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

"Federal court jurisdiction is defined and limited by Article III of the Constitution and is constitutionally restricted to 'cases' and 'controversies'." *Tarsney v. O'Keefe*, 225 F.3d 929, 934 (8th Cir. 2000) (quotation omitted); *see also United States v. Hays*, 515 U.S. 737, 742-743, 115 S. Ct. 2431, 2435 (1995) (stating the three elements that constitute "the irreducible constitutional minimum of standing"). The case-and-controversy requirement mandates that "judicial power exists only to redress or otherwise to protect against injury to the complaining party . . . . A federal court's jurisdiction therefore can be invoked only when the plaintiff [herself] has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'" *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S. Ct. 1146, 1148 (1973)); *see also Tarsney*, 225 F.3d at 934 (stating that "[a] case or controversy exists only if a plaintiff personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant"). "If a plaintiff has not

6

suffered an injury, there is no standing and the court is without jurisdiction to consider the action." *Tarsney*, 225 F.3d at 934.

Plaintiff's claims come under 42 U.S.C. § 1983. But, a § 1983 claimant must have standing to sue in addition to meeting the statutory requirements to sue. *See Tarsney*, 225 F.3d at 939 (stating "It is well established that the Civil Rights Act, 42 U.S.C. § 1983 . . . , cannot confer standing"). Plaintiff must satisfy the case-and-controversy requirement by showing that she has suffered some threatened or actual injury resulting from the putatively illegal action of Defendants.

Plaintiff's Complaint on its face fails to allege subject-matter jurisdiction because her allegations support that she lacks standing to challenge the Hennepin County jury selection process. The United States Supreme Court has held that "[s]tates may prescribe relevant qualifications for their jurors." *Powers v. Ohio*, 499 U.S. 400, 407, 111 S.Ct. 1364, 1369 (1991); *cf.* 28 U.S.C. § 1865(b)(5) (disqualifying persons convicted felonies from serving on federal juries). Minn. R. Gen. Pract. 808(b)(6) permits a person convicted of a felony to serve on a jury only if the person has had her civil rights restored. *See* Minn. Stat. § 593.51 (providing the Minnesota Supreme Court shall promulgate rules governing jury administration). A person convicted of a felony has her civil rights restored "by order of the court following stay of sentence or stay of execution of sentence." Minn. Stat. § 609.165, subd. 2. Plaintiff has not alleged that she suffered some threatened or actual injury by the racially discriminatory juror selection process because she has alleged facts that support that she is ineligible to serve as juror in Minnesota. To wit, Plaintiff is ineligible to serve as a juror regardless of her race and thus, cannot be said to be injured by a racially discriminatory juror selection process. *Contra Carter v. Jury Commission of Greene County*, 396 U.S. 320, 329-330, 90 S. Ct. 518, 523 (1970) (holding

that plaintiffs who were "fully qualified to serve as jurors and desired to serve" had standing to challenge racially discriminatory jury selection practices). Therefore, Plaintiff has not alleged standing to challenge racially discriminatory jury selection practices.

Plaintiff cannot cure her lack of standing through an amended pleading because Defendants offered evidence to support that Plaintiff was convicted of a felony, is currently on probation, and has not had her civil rights restored. Defendants offered evidence, including the Register of Action for the *State of Minnesota v. Cynthia Louise Brown*, Case No. 82-CR-09-1763 (Washington County, Filed Feb. 1, 2008); the sentencing order from *State v. Brown*, Case No. 82-CR-09-1763; and the probation agreement from *State v. Brown*, Case No. 82-CR-09-1763. *Titus*, 4 F.3d at 593 (stating that the Court may receive competent evidence to determine a factual dispute regarding subject-matter jurisdiction.) This evidence supports that Plaintiff pleaded guilty to violating Minn. Stat. § 243.55, subd. 1 (bringing contraband into a correctional facility) on July 23, 2009, the imposition of Plaintiff's sentence was stayed, and Plaintiff was placed on probation from December 30, 2009, to December 30, 2014. Thus, as matter of fact, Plaintiff lacks standing to challenge the juror selection process in Hennepin County, Minnesota under the Equal Protection clause.

Finally, Plaintiff lacks standing to challenge the jury selection process in Hennepin County on behalf of her son. As stated above, Plaintiff has not suffered an injury-in-fact, adequate to satisfy the case-or-controversy requirement. Furthermore Plaintiff's son was fully able to challenge the jury selection process as it affected his case, and unsuccessfully did so. *See Michael Calvin Francis*, Civil No. 08-836 (DWF/AJB), Order Adopting Report & Recommendation, and Mem. (Oct. 23, 2009) (denying Michael Francis's petition for a writ of

habeas corpus and holding that the jury selection process in the Fourth Judicial District does not violate the Sixth or Fourteenth Amendments of the United States Constitution).

## IV. PLAINTIFF'S MOTION FOR RESCHEDULE OF COURT APPEARANCE

Plaintiff requests that this Court "grant another date and time for [her] case." This request is denied. A hearing on the motion was scheduled. Plaintiff was provided with multiple notices of the hearing. Defendant utilized resources in securing representation for the hearing. Plaintiff failed to appear for the hearing. This Court recognizes that Plaintiff likely spent money and time to travel to Minnesota for her hearing. But, even if Plaintiff had appeared, it was within this Court's discretion to refuse to permit her to argue because Plaintiff failed to file or serve a memorandum in response to Defendant's Motion to Dismiss. *See* D. Minn. LR 7.1(e). This Court empathizes with Plaintiff's feelings that she may have traveled to Minnesota for nothing, but granting Plaintiff's request for another hearing date will only cause Plaintiff to spend more money and time, and will only delay the inevitable dismissal of this action for want of subject-matter jurisdiction.

## V. SUPPLEMENTAL DOCUMENTS

This Court has received three documents since Defendants filed their Motion to Dismiss. These documents were sent directly to chambers and have been attached as exhibits. Exhibit A appears to be the same "Amended Complaint" that Defendants' counsel received. Exhibit B is a "Notice of Motion & Motion for Class Certification" with Deborah Francis listed as the plaintiff and the signatory. Exhibit C is a "Notice of Motion & Motion for Class Certification" with Robert E. Brown, Jr. listed as the plaintiff and signatory.

To the extent that Exhibit A constitutes a motion to amend the complaint, that request is denied. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading

with the court's leave and "[t]he court should freely grant leave when justice so requires." "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citation and quotations omitted). Plaintiff was not granted leave to file an amended complaint. Furthermore, Plaintiff's self-labeled "Amended Complaint" is not materially different from Plaintiff's initial Complaint. Plaintiff asserts no factual allegations or claims for relief within the "Amended Complaint" regarding Defendant's counsel. Therefore, Plaintiff's request embodied in attached Exhibit A is denied based upon futility because, for the reasons stated above, Plaintiff has not and cannot allege standing.

To the extent that Robert E. Brown, Jr. (Exhibit B) and Deborah Francis (Exhibit C) move for class certification in this action, their requests should be denied. They are not parties to this action and cannot move for relief in this action. Furthermore, Mr. Brown and Ms. Francis have made no argument or showing to satisfy any of the factors enumerated in Fed. R. Civ. P. 23(a). Perhaps most importantly, they have not argued how as class representatives they will "fairly and adequately protect the interests of the class." *Id.* Therefore, their requests should be denied. But, denying these requests in this matter should not be interpreted as deciding Robert E. Brown, Jr.'s Notice of Motion and Motion for Class Certification in *Robert E. Brown, Jr. v. Sue Dosal, et al.*, Civil No. 11cv475 (SRN/AJB).

## VI. ORDER

Based upon the record, **IT IS HEREBY ORDERED** that:

1. **Plaintiff Cynthia Brown shall stop sending correspondence to this Court's Chambers,** and Plaintiff Cynthia Brown shall file all documents in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota;

2. Plaintiff's request embodied in attached Exhibit A is **DENIED**; and

3. Plaintiff's Motion for Reschedule of Court Appearance [Docket No. 29] is **DENIED**

## VII. RECOMMENDATION

Based upon the record, **IT IS HEREBY RECOMMENDED** that

1. Defendants' Motion to Dismiss [Docket No. 17] be **GRANTED**;

2. The requests embodied in Exhibit B and Exhibit C be **DENIED**; and

3. The Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE.**

Dated: 3/24/11

                     s/ Arthur J. Boylan
                     Arthur J. Boylan
                     Chief Magistrate Judge
                     United States District Court
                     For the District of Minnesota

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from

the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before <u>April 8, 2011</u>.