UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Cynthia Brown,** | Civil No. 10-CV-4315 (SRN/AJB) |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| **Sue Dosal, Mark Thompson, and Leah Wermerskirchen,** | |
| Defendants. | |

Cynthia Brown, P.O. Box 23496, Savannah, Georgia 31403, pro se.

John S. Garry, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Order and Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated March 24, 2011 [Doc. No. 30]. In the R&R, Chief Magistrate Judge Boylan recommended that this Court grant Defendants' Motion to Dismiss and deny two Class Certification Motions. Plaintiff timely filed objections to the R&R [Doc. No. 31].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R, grants the Motion to Dismiss, and denies the Class Certification Motions.

1

**I.     BACKGROUND**

On October 21, 2010, Plaintiff Cynthia Brown filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 [Doc. No. 1], alleging that the jury selection process in Hennepin County, Minnesota, violates the Fourteenth Amendment's Equal Protection clause.[1]  Plaintiff, an African-American, contends that, "[b]ecause of the DESIGN of the Hennepin County grand jury selection system[,] African-Americans living within the Fourth Judicial District [of Minnesota] are being denied immunity from discrimination against our race in the selection of grand jurors." (Compl. ¶ 77.)  Notably, this discrimination has not affected Plaintiff personally; she has neither served on a jury in Hennepin County nor is she eligible to do so following a felony conviction in December 2009.  (Id. ¶ 82-84.)  Rather, Plaintiff alleges that this systemic discrimination tainted the all-white grand jury that indicted her son, Michael Francis, in July 2004.  (Id. ¶ 5.)  Mr. Francis was subsequently convicted at trial and sentenced to life in prison.  Francis v. State, 729 N.W.2d 584, 588-89 (Minn. 2007).

**II.    DISCUSSION**

After the instant Motion was filed, Plaintiff filed three more documents with the Court: (1) an Amended Complaint; (2) a Notice of Motion and Motion for Class Certification with Deborah Francis listed as the plaintiff; and (3) a Notice of Motion and Motion for Class Certification with Robert E. Brown, Jr., listed as the plaintiff.  (R&R Exs. A-C.)  Chief

---

[1] Although the caption of Plaintiff's Complaint refers only to 42 U.S.C. § 1983, Plaintiff also purports to assert claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000h-2.  (Compl. ¶ 1.) Neither of these claims are proper.  Plaintiff's claim under 42 U.S.C. § 1981 must be dismissed because Plaintiff fails to allege any facts concerning discrimination in "mak[ing] and enforc[ing] contracts." 42 U.S.C. § 1981.  Plaintiff's 42 U.S.C. § 2000h-2 claim must also be dismissed because that provision allows for intervention by the U.S. Attorney General—a request that Plaintiff cannot make.

Magistrate Judge Boylan denied Plaintiff's attempt to amend her Complaint, and recommended denial of both Class Certification Motions. Plaintiff's objections to the R&R can be divided into two categories: (1) objections to the recommendation to deny the Class Certification Motions; and (2) objections to the recommendation to grant Defendants' Motion to Dismiss. The Court will address these objections in turn.

### A.   Class Certification Objections

Chief Magistrate Judge Boylan recommended denial of Robert E. Brown, Jr.'s and Deborah Francis's Class Certification Motions because they are not parties to this action and they have made no showing to satisfy any of the factors delineated in Federal Rule of Civil Procedure 23(a). (R&R at 10 [Doc. No. 30].) Plaintiff counters that both Brown and Francis have filed their own Complaints and contained therein lies the rationale for the purported class certification. (Obj. ¶ 1 [Doc. No. 31].) Further, Plaintiff argues that "[i]ndividual suits of . . . 72,516 African-Americans would be impracticable." (Id. ¶ 3.)

First, the fact that Brown and Francis have apparently initiated their own actions renders their Motions moot. Indeed, the whole point of a class action is to obviate the need for multiple actions. Second, as Chief Magistrate Judge Boylan noted, Plaintiff, Brown, and Francis do not adequately address the threshold requirements listed in Rule 23(a). In an attempt to cure this deficiency, Plaintiff points the Court to conclusory statements proffered in Brown's and Francis's Complaints as well as to 2004 census data that indicate a population of 72,516 African-Americans in Hennepin County.

Plaintiff's argument falls well short of the mark. A plaintiff seeking to certify a class must initially establish the following: (1) the class is so numerous that joinder of all the members

is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  At best, Plaintiff has only begun a discussion on the numerosity, commonality, and typicality elements; she has not engaged in any kind of robust analysis that would allow the Court to find in her favor.  Further, as Chief Magistrate Judge Boylan noted, Plaintiff has not put forth any argument concerning her efficacy as a representative party.  Because a class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," this Court must deny the Motions for Class Certification.  Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982)).

### B.     Motion to Dismiss Objections

Chief Magistrate Judge Boylan recommended the dismissal of Plaintiff's claim based on Plaintiff's lack of standing, and therefore, the Court's lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff argues that claims of racial discrimination in grand jury selections in Hennepin County—Minnesota's Fourth Judicial District—have been asserted in many cases to date and that a favorable judgment would prevent discrimination against African-Americans in the future.  (Obj. ¶¶ 2, 4.)

Regardless of whether Plaintiff's accusations are true, this Court may only consider cases that fall within its jurisdictional limits.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide."  Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted).

"Federal court jurisdiction is 'defined and limited by Article III of the Constitution and is constitutionally restricted to cases and controversies.'" Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000) (quoting Flast v. Cohen, 392 U.S. 83, 94 (1968)).  Included in the analysis of whether a case or controversy exists is the "irreducible constitutional minimum of standing . . . ." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Standing consists of three elements: (1) an injury-in-fact, that is, "an invasion of a legally protected interest which is . . . concrete and particularized, and . . . actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the alleged conduct; and (3) redressability.  Id. at 560-61 (citations omitted).  The first element is critical here; indeed, "[i]f [Plaintiff] has not suffered an injury, there is no standing and the court is without jurisdiction to consider the action." Tarsney, 225 F.3d at 934 (citing Allen v. Wright, 468 U.S. 737, 750-66 (1984)).

Plaintiff cannot show that she has suffered an injury-in-fact.  As noted above, Plaintiff has never served on a jury and, because of her recent felony conviction, cannot serve on a jury until her civil rights are restored.  Minn. R. Gen. Prac. 808(b)(6); see also Powers v. Ohio, 499 U.S. 400, 407 (1991) (declaring that states "may prescribe relevant qualifications for their jurors").  She therefore lacks the requisite "actual or imminent" harm for standing as a prospective juror.  Further, assuming Plaintiff were to advance a theory that her own felony conviction was the result of a jury formed through discriminatory means, that claim would also fail.  Indeed, Plaintiff's conviction was in Washington County—the Tenth Judicial District—and is therefore inapposite to her claim that the jury selection process in Hennepin County—the Fourth Judicial District—is discriminatory.  (See R&R at 8 (citing Register of Actions, State v. Brown, No. 82-CR-09-1763 (10th Jud. Dist., Dec. 30, 2009)).)

Plaintiff also cannot challenge Hennepin County's jury selection process on behalf of her son. "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers, 499 U.S. at 410 (citations omitted). A litigant may, however, assert the rights of a third party if the following criteria are met: (1) "[t]he litigant must have suffered an 'injury in fact;'" (2) "the litigant must have a close relation to the third party;" and (3) "there must exist some hindrance to the third party's ability to protect his or her own interest." Id. at 411.

Focusing merely on the third element for the sake of this inquiry, Plaintiff's son has no impediment to bringing his own action. Indeed, Mr. Francis brought his own challenge to the Hennepin County jury selection process and was rebuffed. Francis v. Fabian, 669 F. Supp. 2d 970, 982-85 (D. Minn. 2009) (Frank, J.). Plaintiff cannot show that Mr. Francis does not have the ability to protect his own interest, and thus she may not assert third-party standing.

## III.   CONCLUSION

The putative Class Certification Motions must be denied, and this case must be dismissed for want of subject matter jurisdiction.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc. No. 30] is **ADOPTED**;
2. Defendants' Motion to Dismiss [Doc. No. 17] is **GRANTED**;
3. Class Certification Motions of Deborah Francis and Robert E. Brown, Jr. [Doc. No. 30 Exs. B, C] are **DENIED**; and
4. The Complaint is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   May 23, 2011                              s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge